**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GRETA IRITSYAN, | No. 10-72490 |
| Petitioner, | Agency No. A099-350-970 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2014[**]
San Francisco, California

Before: KLEINFELD, NGUYEN, and WATFORD, Circuit Judges.

Greta Iritsyan petitions this Court for review of the Board of Immigration

Appeals' decision denying her asylum application. The immigration judge

concluded that Iritsyan was not credible. The BIA adopted and affirmed the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

immigration judge's decision. Because substantial evidence supports the adverse credibility finding, we deny the petition.

Where "the BIA adopts the decision of the [immigration judge], we review the [immigration judge's] decision as if it were that of the BIA." Abebe v. Gonzales, 432 F.3d 1037, 1039 (9th Cir. 2005) (en banc) (internal quotation marks omitted). We review the immigration judge's adverse credibility finding for substantial evidence, reversing only if "the petitioner's evidence was so compelling that no reasonable factfinder could find that he was not credible." Kin v. Holder, 595 F.3d 1050, 1054 (9th Cir. 2010) (internal quotation marks omitted).

Here, the record does not compel reversal. See Shrestha v. Holder, 590 F.3d 1034, 1046–47 (9th Cir. 2010). Iritsyan's testimony that the police held her for only a couple of hours after arresting her for participating in an April 2004 demonstration is inconsistent with her declaration, which states that she had been held overnight. Iritsyan's explanation that she confused her arrest with her father's is implausible and is inconsistent with her later testimony that she had, in fact, been held overnight during the 2004 arrest. These inconsistencies are substantial.

The petitioner suggests that "under the pre-REAL ID Act standards, these[] issues would have been considered to be minor, irrelevant and not going to the heart of the petitioner's claim for asylum." But as the petitioner concedes, the Real ID Act applies to her asylum claim, and that act eliminated any requirement that an inconsistency go to the heart of the claim. Id. at 1043.

Because Iritsyan did not establish her eligibility for asylum, we must necessarily affirm the denial of her application for withholding of removal as well. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir. 2003). Substantial evidence also supports the BIA's denial of relief under the Convention Against Torture. See id. at 1157.

**PETITION DENIED.**